IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02454-PAB-SBP

OLIVER BATISTA,

    Plaintiff,

v.

FREEDOM MORTGAGE CORPORATION, CONSUMER FINANCIAL PROTECTION BUREAU, and RUSSELL VOUGHT, *in his official capacity as acting Director of the Consumer Financial Protection Bureau*,

    Defendants.

## RECOMMENDATION AND ORDER

**Susan Prose, United States Magistrate Judge**

    This matter comes before the court on Plaintiff Oliver Batista ("Plaintiff")'s Motion for Leave to Amend Complaint, ECF No. 71 ("Motion to Amend"), Plaintiff's Motion to Clarify, ECF No. 99, and Defendants Russell Vought and Consumer Financial Protection Bureau (collectively, the "CFPB")'s Motion to Dismiss Plaintiff's Second Amended Complaint ECF No. 67 ("Motion to Dismiss") (collectively, the "Motions"). The undersigned considers the Motions pursuant to the Order of Reference, ECF No. 15, the memorandums referring the Motions, ECF Nos. 68, 72, and 100, and 28 U.S.C. § 636(b)(1). The court has reviewed the Motions, the related filings, and the applicable law.

    For the reasons set forth below, the Motion to Amend is **GRANTED** and the Motion to Clarify is **GRANTED**. Furthermore, the court recommends that the Motion to Dismiss be **DENIED** without prejudice as moot.

1

# I. BACKGROUND

## A. PROCEDURAL HISTORY

On August 15, 2024, Plaintiff filed an initial complaint in this matter in Colorado state court against Freedom Mortgage Corporation ("Freedom"). ECF No. 1 at 1. Plaintiff brought claims for violations of the Truth in Lending Act, violations of the Consumer Protection Act, and a breach of the implied covenant of good faith and fair dealing. *Id*. On September 6, 2024, Freedom removed the case to this court, citing federal question jurisdiction. *Id*. at 2. Plaintiff filed an amended complaint with this court on September 27, 2024. ECF No. 16. Freedom moved to dismiss this amended complaint on October 11, 2024. ECF No. 17.

On February 11, 2025, Plaintiff moved to amend his complaint in order to, inter alia, add claims against the CFPB. ECF No. 47. The court granted this request, noting that Freedom's pending motion to dismiss remained viable. ECF No. 50. Plaintiff filed the now-operative Second Amended Complaint on March 6, 2025. "Complaint," ECF No. 51.

On May 15, 2025, the CFPB filed the Motion to Dismiss. On May 23, Plaintiff filed the Motion to Amend. Plaintiff also provided a redlined version of his proposed amended complaint. "Proposed Complaint," ECF No. 71-1. Freedom submitted a partial response to the Motion to Amend on June 12, 2025.[1] ECF No. 96. On June 13, 2025, the CFPB responded as well. "Response," ECF No. 97. Plaintiff replied to Freedom's response to the Motion to Amend on June 26, 2025, ECF No. 104, and replied to the CFPB's Response on June 27, 2025. "Reply," ECF No. 105.

Plaintiff's deadline to file a response to the Motion to Dismiss is currently stayed pending resolution of the Motion to Amend. ECF No. 114. The court also stayed discovery in this matter on June 6, 2025, pending resolution of the Motion to Dismiss and a motion to dismiss filed by Freedom (which has since been denied as moot). ECF No. 94. On June 20, 2025, Plaintiff filed the Motion to Clarify, which seeks further clarity as to the court's decision to stay discovery.

---

[1] The court notes that the sole request raised in Freedom's response to the Motion to Amend, to apply their Motion to Dismiss to the Proposed Complaint, has been resolved and is now moot. *See* ECF No. 115. Accordingly, the court need not consider Freedom's Response in evaluating the Motion to Amend.

2

### B. PROPOSED AMENDMENTS TO COMPLAINT

Plaintiff's proposed amendments to the Complaint are primarily composed of four claims that Plaintiff seeks to add against the CFPB. These claims include "Claim Six," which alleges that the CFPB has exceeded its statutory authority by failing to consider certain harms or risks to consumers; "Claim Seven," which argues, inter alia, that the CFPB has exceeded its authority by unconstitutionally delegating a congressional and judicial function to a private entity; "Claim Eight," which alleges that the CFPB has abused its discretion and has arbitrarily and capriciously discriminated against Plaintiff and other childless individuals by "preventing the transfer of wealth to parents or other relatives," but not to children; and "Claim Nine," which alleges that the CFPB has exceeded its statutory authority by treating different classes of consumers differently. Proposed Complaint at 15-19. For the purpose of ruling on these Motions, the court finds that it need not otherwise outline Plaintiff's allegations here.

## II. ANALYSIS

### A. MOTION TO AMEND

In its Response, the CFPB first argues that Plaintiff did not have good cause for the delay in attempting to amend his Complaint to add further claims against the CFPB. Response at 4.

In his Reply, Plaintiff states that he had good cause for the delay because of confusion related to a "Notice of Constitutional Challenge" he filed with the court. Reply at 3-4. Plaintiff explains that, inter alia, he believed—and still believes—that the issues he raised in this Notice were sufficiently alleged in his Complaint, but once he realized that the CFPB did not respond to the allegations in moving to dismiss the Complaint, he promptly moved to amend to make sure that he clearly stated those claims. *Id*. Plaintiff also refers to "uncertainty about the proper process for litigating these issues," points out that there is no indication that he has acted in bad faith or been intentionally dilatory in only asserting these claims now, and states that the CFPB "offers no argument on how the amendments would . . . create any undue delay or prejudice" against the CFPB. *Id*. at 4.

The court first notes that it is not clear that the Tenth Circuit has adopted a "good cause" requirement for amending pleadings, as the CFPB implies. *See, e.g.*, *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) ("This Circuit adopted a similar interpretation of Rule

3

16(b)'s 'good cause' requirement in the context of counterclaims asserted after the scheduling order deadline . . . but has not done so in the context of an amendment to the complaint."). And though the court recognizes that this Circuit has a similar "undue delay" requirement for amended pleadings, *see id.*, it is only appropriate to deny leave to amend for undue delay where the party filing the motion has no adequate explanation for the delay. *Id.* at 1206. Where a plaintiff had believed that his claims were "already fairly encompassed by his pleadings," as Plaintiff has asserted here, it is not appropriate to deny leave to amend, as this circumstance constitutes an "excusable cause" for the delay. *Id.* at 1207. Accordingly, the court finds Plaintiff's justification for seeking leave to amend to be compelling, particularly given his pro se status. "Courts should give leave to amend freely, especially when the plaintiff is proceeding pro se." *Panicker v. State Dep't of Agric.*, 498 F. App'x 755, 757 (10th Cir. 2012).

The court therefore turns to the CFPB's only remaining argument for denying the Motion to Amend: that Plaintiff's proposed amendments are futile. Response at 4-15.

As the CFPB acknowledges, the court has discretion as to whether to grant a motion to amend, even if amendment may ultimately be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("the grant or denial of an opportunity to amend is within the discretion of the District Court"). And to the extent that the CFPB opposes the Motion to Amend based on futility, the court generally finds that such arguments are better and more efficiently addressed after the plaintiff's amended complaint is in place and the defendant has had an opportunity to revise its motion to dismiss to address the revised allegations. *See Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011); *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (noting that defendant's futility argument appears to place the cart before the horse).

Additionally, as Plaintiff points out, the CFPB has not offered any showing as to whether permitting Plaintiff to amend his complaint would create any prejudice against the CFPB. Nor does the court believe that doing so would create any prejudice here. In opposing the Motion to Amend, the CFPB seemingly alleges that the arguments it raises in the Motion to Dismiss are just as salient in opposing the Proposed Complaint. *See generally* Response. Though for the reasons stated above, the court would grant the Motion to Amend regardless, it appears

4

undisputed that any burden the CFPB will face in opposing the Proposed Complaint rather than the operative Complaint will be minimal, since based on the CFPB's own allegations, the CFPB will be able to rely upon nearly identical arguments in opposing the Proposed Complaint.

Accordingly, the court grants Plaintiff's Motion to Amend.[2] By no later than five days from the date of this Order, the court directs Plaintiff to file a clean (non-redlined) version of the Proposed Complaint on the court's docket as his operative complaint.

### B. MOTION TO DISMISS

Given that, for the reasons stated above, the court grants Plaintiff's Motion to Amend, the court respectfully recommends denying the CFPB's Motion to Dismiss without prejudice as moot. *See, e.g., Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1324 (D. Colo. 2019) (where the operative complaint is superseded and nullified, any motion to dismiss the claims asserted therein is moot); *Brumfiel v. U.S. Bank*, No. 12-cv-02716-WJM, 2013 WL 12246738, at *1 (D. Colo. May 16, 2013) (same). The CFPB may refile the Motion to Dismiss, or alternatively, file any updated motion to dismiss, within twenty-one days of Plaintiff filing a clean version of his Proposed Complaint on the court's docket.

### C. MOTION TO CLARIFY; STAY OF DISCOVERY

The court turns next to Plaintiff's Motion to Clarify. Plaintiff requests clarification regarding this court's statement that the court "further finds that an assessment of the other *String Cheese* factors favors a stay" of discovery here. Motion to Clarify at 2; *see* ECF No. 94.

Though the court believes that its order at ECF No. 94 provides sufficient clarity to Plaintiff as to the reasons underlying its decision to stay discovery, it nonetheless grants the Motion to Clarify and, for Plaintiff's benefit, elaborates upon its reasoning below. As this court has already stated, "decisions from this District have concluded that stays are generally *favored* when a jurisdictional defense under Rule 12(b)(1) is asserted." *Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL 2466917, at *2 (D. Colo. June 7, 2013) (citing *Weatherspoon v. Miller,* No. 11-cv-00312-REB-MEH, 2011 WL 1485935, at *2

---

[2] Noting that this will be Plaintiff's third amended version of his complaint and that this matter has been pending before the court since September 2024, the court states for Plaintiff's awareness that any further motions to amend are unlikely to be granted.

(D. Colo. Apr. 19, 2011)). Here, Defendants have "lodged colorable arguments" as to such a defense. *Id*. And while Plaintiff has an interest in proceeding expeditiously with this case, the court finds that this interest is overcome by the burden Defendants might face if they are forced to proceed with discovery only to have the case dismissed due to issues of standing. *Id*. at *3 (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)) (finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted"). "For similar reasons, the court finds its own convenience also favors a stay; any inconvenience in rescheduling the docket is outweighed by the potential waste of judicial resources if discovery were to proceed in the absence of jurisdiction." *Id*. (citing *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation omitted). The interests of non-parties and the public do not prompt the court to reach a different result. *Id*. And since the court denied Plaintiff's Motion for Sanctions at ECF No. 86 as moot rather than considering the merits of the Motion, the court did not reach the substantive issues as to which Plaintiff requests clarification, and accordingly, declines to provide further clarification regarding those issues despite Plaintiff's request that the court do so.

      Relatedly, the court turns sua sponte to the issue of whether the stay of discovery should be lifted at this time. Given that the CFPB appears to allege that the allegations they have previously raised in moving to dismiss prior versions of Plaintiff's complaint are still applicable to the Proposed Complaint, *see, e.g.*, Response, the court finds that the reasoning stated above for implementing a stay is still in play here. Accordingly, although for the reasons stated above, the pending motions to dismiss have been denied as moot, given the clear implication that a jurisdictional defense under Rule 12(b)(1) will soon be asserted within a renewed motion to dismiss, the court sua sponte extends the stay until the deadline for the CFPB to file a renewed motion to dismiss has passed. If the CFPB continues to assert a jurisdictional defense under Rule 12(b)(1) in bringing a renewed motion to dismiss, for the reasons stated above, the stay of

discovery will be extended until the motion in question is resolved; if such a defense is not asserted, then discovery will be reopened.

### III. CONCLUSION

For the reasons set forth above, the Motion to Amend (ECF No. 71) is **GRANTED** and the Motion to Clarify (ECF No. 99) is **GRANTED**. The court further recommends that the Motion to Dismiss (ECF No. 67) be **DENIED without prejudice as moot**. Additionally, the court sua sponte extends the stay of discovery in this matter in accordance with the criteria set forth above.[3]

DATED: February 25, 2026     BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[3] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").