IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-02454-PAB-SBP

OLIVER BATISTA,

      Plaintiff,

v.

FREEDOM MORTGAGE CORPORATION,
CONSUMER FINANCIAL PROTECTION BUREAU, and
RUSSELL VOUGHT, in his official capacity as acting Director of the Consumer
Financial Protection Bureau,

      Defendants.

---

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation and Order of United States Magistrate Judge [Docket No. 129]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 129 at 7 n.3; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on February 25, 2026. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P.

72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that

the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** that the Recommendation and Order of United States Magistrate

Judge [Docket No. 129] is **ACCEPTED**.  It is further

**ORDERED** that Defendants Consumer Financial Protection Bureau's and

Russell Vought's Motion to Dismiss Amended Complaint [Docket No. 67] is **DENIED**

**without prejudice as moot**.

DATED March 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).